CHARLES J. OSBORN *vs.* FRANCIS COLWELL.

Under Public Laws R. I. cap. 631 of April 20, 1887, as amended by cap. 820 of July 30, 1889, a creditor whose claim has been disallowed may properly file a bill in equity against the assignee to determine the validity of the claim.

BILL IN EQUITY brought to establish the complainant's claim against the estate of an insolvent debtor held by the respondent as assignee. On demurrer to the bill.

---

Public Laws R. I. cap. 631, of April 20, 1887, as amended by cap. 820, of July 30, 1889, provide : —

"SECT. 1.   The assignee of any insolvent debtor, who has made an assignment of his estate for the benefit of his creditors, shall, within ten (10) days from the date of said assignment, send a written or printed notice of said assignment to every creditor of said insolvent debtor of which the said assignee shall have any record or knowledge; and shall publish a notice of said assignment in some one of the principal newspapers published in the town or city in which said insolvent debtor was doing business at the time said assignment was made; and if there be no newspaper published in said town or city, then said notice of assignment shall be advertised in some one of the principal newspapers published in the county where the said debtor resides or has his principal place of business or any property.

"SECT. 2.   All persons having claims or accounts against the said insolvent debtor shall present the said claims or accounts to the said assignee within six months from the date of the published notice of said assignment, and all claims or accounts not presented to said assignee within said period of six months shall not after that time be a claim against said assignee : *Provided*, That at any time before the said assignee shall have paid a dividend or made payment to any creditor in settlement or liquidation of said assigned estate, any such creditor may prove his claim and share in any dividend.

"SECT. 3.   If said assignee disallows any claim or account so presented to him, he shall give notice in writing to the person or persons having such claim or account that he has disallowed the same ; and such person or persons shall, within sixty days from the receipt of such notice, bring suit against said assignee to test the validity of such claim, or be forever barred from any participation in said assigned estate."

*December* 27, 1890.   PER CURIAM.   The question raised by the demurrer to the complainant's bill is whether a suit in equity against an assignee by a creditor whose claim has been disallowed is the proper form of suit to be brought against an assignee under Pub. Laws R. I. cap. 820, § 1, of July 30, 1889, amending cap. 631, § 3, of April 20, 1887.   We think it is.   Such a suit is in

effect a suit to enforce the trusts of the assignment in favor of the person bringing it, and as such is properly brought in equity.

We do not think the assignor is a necessary party to such a suit.

*Demurrer overruled.*

*Ezra K. Parker*, for complainant.

*Walter H. Barney*, for respondent.